# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 10-335 (JRT/JJK) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| DAVID JONES, JR., | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for plaintiff.

Kassius O. Benson, **LAW OFFICE OF KASSIUS O. BENSON, PA**, 2915 Wayzata Boulevard South, Suite 101, Minneapolis, MN 55405, for defendant.

Defendant David Jones, Jr. was indicted for possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Docket No. 1.) Jones filed three motions to suppress evidence and statements arising out of a police stop, subsequent questioning, and warrantless search of his vehicle. (Docket Nos. 12, 13, 18.) In a Report and Recommendation filed on February 10, 2010, United States Magistrate Judge Jeffrey J. Keyes recommended denying all three of Jones's motions. (Docket No. 27.) Jones filed timely objections to the Report and Recommendation. (Docket No. 29.) After reviewing the challenged portions of the Report and Recommendation *de novo*, 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2, the Court concludes that the police

action in this case did not violate Jones's constitutional rights, The Court therefore overrules Jones's objections, adopts the Report and Recommendation in its entirety, and denies his motions to suppress.

## BACKGROUND[1]

On December 5, 2010, Detective Officer Russell Clark received a tip from an informant that Jones, staying at the LivInn Suites in Fridley, Minnesota, had come from Chicago, Illinois with more than 100 grams of heroin and was selling the drug from his hotel room. The informant identified Jones in a photograph, and told Detective Clark that he drove a gray or silver Dodge Avenger rental car. Police officers confirmed Jones's registration at the LivInn Suites.

On December 8, 2010, police officers watching the hotel for suspicious activity indicative of drug sales observed Jones enter a gray or silver Dodge Avenger and drive it to another spot in the same parking lot without getting out of the car. Officers also observed an individual in another vehicle parked two spaces away from the Avenger get out of his car, approach the passenger side of the Avenger, return to his own vehicle for less than thirty seconds, and then go back to the Avenger for less than thirty seconds. Although the cars were parked near a Menard's store, neither individual went into the store during the encounter.

---

[1] The facts as stated are a summary of the more comprehensive factual background found in the Magistrate Judge's Report and Recommendation. (Docket No. 27.) Jones has not challenged any factual finding made by the Magistrate Judge.

Four police officers followed Jones as he left the parking lot, and pulled him over after Jones made two turns without using a turn signal. Two officers waited fifteen to twenty feet from Jones's vehicle while two others approached him and asked for his driver's license. After the detectives performed a frisk search for weapons, verified the validity of Jones's license, and found no outstanding warrants for Jones's arrest, Detective Clark informed him that he had received information suggesting that Jones's activities were related to drug distribution. Detective Clark returned Jones's driver's license and told Jones he was "free to go." At that time, Jones's keys were in the ignition, his vehicle was running and not blocked, and the other officers were standing at a distance. Despite being told he was free to go, Jones did not leave.

Approximately two minutes after the initial traffic stop, Detective Clark asked for and received Jones's permission to search the car. Jones did not limit his permission to specific areas of the car or at any point withdraw his consent. Officers found a marijuana "roach" in an ashtray in the center console of the vehicle, and observed that the car smelled of marijuana. Officers subsequently found a duffle bag containing approximately 100 grams of heroin in the trunk of Jones's car. After Jones stated that he had a small bag of marijuana on his person, Detective Clark asked him to empty his pockets, which contained a large wad of cash and a red permanent marker, which he admitted contained hidden drugs. The officers arrested Jones and obtained a search warrant of his hotel room at the LivInn Suites, where they found further evidence of drug trafficking, including bullets and a plate coated with heroin residue.

**ANALYSIS**

Jones objects to the Magistrate Judge's determination that the police contact and conduct in this case were not unconstitutional.  The Magistrate Judge concluded that (1) the police had reasonable articulable suspicion to believe Jones was engaged in criminal activity and were therefore justified in briefly detaining him, and searching his person and passenger compartment of his vehicle, and (2) the police conducted a lawful traffic stop and Jones voluntarily consented to the search of his vehicle.  The Magistrate Judge reasoned that under either view, the entire police encounter passed constitutional muster.  The Court agrees.

"If officers possess a reasonable suspicion of criminal activity, they may briefly detain a suspect to investigate the possible criminal activity, even though there is no probable cause for an actual arrest."  *United States v. Hernandez-Hernandez*, 327 F.3d 703, 706 (8th Cir. 2003) (citing *Terry v. Ohio*, 392 U.S. 1, 22 (1968)).  "The officer's suspicion is reasonable if the officer knows particularized, objective facts that lead to a rational inference that a crime is being or has been committed."  *Id.*  "Whether the particular facts known to the officer amount to an objective and particularized basis for a reasonable suspicion of criminal activity is determined in light of the totality of the circumstances."  *United States v. Garcia*, 23 F.3d 1331, 1334 (8th Cir. 1994).

Here, the officers were justified in stopping Jones and in searching his person and the passenger compartment of his vehicle.  The informant provided them with specific information about Jones, his whereabouts, his vehicle, and his engagement in drug trafficking.  The officers corroborated the informant's information by confirming Jones's

registration at the LivInn Suites and observing him enter the rental vehicle described by the informant. The officers already knew that numerous people had been arrested for selling or possessing controlled substances at the LivInn Suites. Detective Clark testified that, based on his training and experiences, short interactions between people going back and forth between different cars in a parking lot while not entering the nearby store suggests a possible drug sale. *See United States v. Ortiz-Monroy*, 332 F.3d 525, 529 (8th Cir. 2003) ("In forming a basis for suspicion, officers may draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." (internal quotation marks omitted)).

Jones argues that the activities the officers observed – Jones entering his car, driving in a parking lot, and engaging in several short encounters with another individual in the parking lot – are not illegal *per se*. However, the Supreme Court has acknowledged that there may be "circumstances in which wholly lawful conduct might justify the suspicion that criminal activity was afoot . . . ." *Reid v. Georgia*, 448 U.S. 438, 441 (1980); *see also United States v. Condelee*, 915 F.2d 1206, 1209 (8th Cir. 1990) ("[F]acts consistent with innocent travel taken together may amount to reasonable suspicion if they have probative value . . . . The relevant inquiry is the degree of suspicion that attaches to particular types of noncriminal acts." (citation omitted)). The totality of the circumstances, including the informant's tip, and in light of Detective Clark's knowledge and experience regarding drug sales, supported a reasonable, articulable suspicion of criminal activity justifying the officers' stop.

Having established the legitimacy of the stop under *Terry*, the Court turns to the officers' behavior during and following the stop. Officers may search the passenger compartment of a defendant's car during a *Terry* stop. *Michigan v. Long*, 463 U.S. 1032, 1047-49 (1983). During the search of Jones's vehicle, the officers observed that the car smelled of marijuana and that the ashtray in the center console contained a marijuana roach. These discoveries, in turn, provided them probable cause to search the entire vehicle including the trunk where they located the duffle bag containing heroin. *See United States v. Rowland*, 341 F.3d 774, 785 (8th Cir. 2003) ("The discovery of razor blades, rolling papers, and a syringe during the *Terry* search was sufficient to create probable cause to search the entire vehicle."). Accordingly, the officers' conduct in their encounter with Jones was constitutionally sound.

Moreover, the Court agrees with the Magistrate Judge's alternative analysis of the police's encounter with Jones as a consensual search following a legitimate traffic stop. "[A]ny traffic violation provides probable cause for a traffic stop." *United States v. Walker*, 555 F.3d 716, 720 (8th Cir. 2009). "[T]he constitutional reasonableness of a traffic stop does not depend on the actual motivations of the officer involved, and the subjective intentions of the officer making the stop are irrelevant in determining the validity of the stop." *United States v. Herrera-Gonzalez*, 474 F.3d 1105, 1109 (8th Cir. 2007); *see also United States v. Thomas*, 93 F.3d 479, 485 (8th Cir. 1996) ("[S]o long as police have probable cause to believe that a traffic violation has occurred, the stop is valid even if the police would have ignored the traffic violation but for their suspicion that greater crimes are afoot."). Jones does not dispute the validity of the traffic stop.

Jones argues, however, that the police officers did not have valid legal consent to continue the encounter or search the vehicle; he asserts that he was essentially under arrest without a valid warrant or probable cause. After returning his driver's license, Detective Clark informed Jones that he was free to go and that he did not have to speak with the officers any longer. Jones's car was running, his vehicle was not blocked, and the officers stood at a distance. None of the officers' weapons were displayed, and they retained none of Jones's personal property. In these circumstances, the police conduct would have communicated to a reasonable person that he was "at liberty to ignore the police presence and go about his business." *Florida v. Bostick*, 501 U.S. 429, 437 (1991) (internal quotation marks omitted); *see also United States v. Griffith*, 533 F.3d 979, 984 (8th Cir. 2008) (listing nonexclusive factors to consider in assessing whether a reasonable person would feel free to terminate a police encounter). At that point, "the encounter became nothing more than a consensual encounter between a private citizen and a law enforcement officer." *United States v. White*, 81 F.3d 775, 778 (8th Cir. 1996).[2]

The Court also concludes that, given the totality of the circumstances, Jones voluntarily consented to the search of his vehicle. *See United States v. Perry*, 437 F.3d 782, 785 (8th Cir. 2006) (listing factors relevant to the voluntariness of a defendant's consent, including the defendant's age and general intelligence, whether defendant was

---

[2] As such, the Court finds unavailing defendant's objection that the police were required to provide defendant a *Miranda* warning before Detective Clark's brief discussion with defendant. A *Miranda* warning is required only during a custodial interrogation; after being told he was free to go, defendant was not in custody. *See Miranda v. Arizona*, 384 U.S. 436, 467-68 (1966); *United States v. Elzahabi*, 557 F.3d 879, 884 (8th Cir. 2009) ("An explicit assertion that the defendant may end the encounter . . . generally removes any custodial trappings from the questioning." (internal quotation marks omitted)).

questioned a short or long time, whether defendant was subjected to intimidation, whether defendant was in a public or secluded place, and whether defendant objected to the search or stood by silently while it was undertaken).  Here, Jones verbally consented to the search of his vehicle after being told he was free to go, and he did not limit or retract his consent as the search proceeded.  Jones is a 51-year-old man, and he has not challenged the Magistrate Judge's conclusion that his responses to the police indicate general intelligence.  The search was conducted on a public highway, and only two minutes passed from the time of the initial stop to Jones's giving consent to the search.

Jones argues that he was not told that he did not have to consent to a search of his vehicle.  However, the government "need not prove that the individual was fully aware of his . . . rights under the Fourth Amendment in order to establish a voluntary consent." *United States v. Heath*, 58 F.3d 1271, 1275-76 (8th Cir. 1995).  Indeed, the Supreme Court has explicitly rejected a per se rule that failure to inform a defendant of the right to refuse a search renders his consent involuntary.  *Ohio v. Robinette*, 519 U.S. 33, 39 (1996).  Here, the totality of the circumstances establishes that Jones voluntarily consented to the search of his vehicle, and that he did not limit his consent or retract it.

The Court concludes that Jones's encounter with the police did not run afoul of the constitution and does not warrant the suppression of any evidence or statements.  The Court finds no basis to sustain Jones's objections to the Magistrate Judge's Report and Recommendation.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** defendant's objections [Docket No. 29] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated February 10, 2011. [Docket No. 27.] Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Suppress Statements [Docket No. 12] is **DENIED**.

2. Defendant's Motion to Suppress Tangible Evidence & Statements Due to Fourth Amendment Violations [Docket No. 13] is **DENIED**.

3. Defendant's Supplemental Motion to Suppress Tangible Evidence and Statements Due to Fourth Amendment Violations [Docket No. 18] is **DENIED**.

DATED:  May 12, 2011             _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                       United States District Judge